UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Antonio Gleaton, ) | C/A No.  4:14-890-TMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Warden, Dennis Bush ) | |
| ) | |
| Respondent. ) | |

Petitioner, William Antonio Gleaton  (Petitioner/Gleaton"), is currently incarcerated at Lee Correctional Institution. Petitioner appearing *pro se*, filed his petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 13, 2014. Respondent filed a motion for summary judgment on June 11, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #18 and #19). The undersigned issued an order filed June 12, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20).  Petitioner failed to file a response but filed a motion for judgment on the pleadings. (Doc. #23).

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner, William Antonio Gleaton, #326282 (Gleaton), is presently confined in the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC) as the result of convictions from Orangeburg County and Bamberg County. The Bamberg County Grand Jury indicted him in June 2007 for burglary in the first degree (2007-GS-05-0148) and assault and battery with intent to kill (ABWIK) (2007-GS-05-0149). App. pp. 314-15; 319-20. The Orangeburg County Grand Jury indicted Gleaton in August 2007 for possession of a weapon during the commission of certain crimes (2007-08-38-0442), kidnapping (2007-GS-3 8-0443), armed robbery (2007-GS-38-0446), pointing and presenting a firearm (2007-GS-3 8-0445), burglary in the first degree (2007-GS-3 8-0446), assault and battery with intent to kill ("ABWIK") (2007-GS-38-1369), and burglary in the first degree (2007-GS-38-1370). App. pp. 325; 327; 330; 333; 336; 345-46; 350-51.

All of the charges from both counties involved the same five co-defendants. William Scott Palmer, Esquire, represented Petitioner on his Orangeburg County charges and a Bamberg County Public Defender initially represented him on his Bamberg County charges. Mr. Palmer ultimately represented him on all charges at his subsequent guilty plea and sentencing.

On January 15, 2008, Gleaton pleaded guilty to all pending charges, with the exception of the Orangeburg kidnapping charge, before the Honorable James C. Williams, Jr., in Orangeburg County. The kidnapping indictment was *nolle prossed* as part of the plea bargain negotiated by plea

counsel. App. pp. 29-56; 176-77. On January 23, 2008, Judge Williams sentenced Gleaton to an aggregate term of forty years imprisonment based upon a recommendation from the State that his total sentence not exceed forty years imprisonment. App. pp. 93-152; 313; 318; 324; 329; 332; 335; 338-39; 344; 349; 362-68. Gleaton did not appeal his convictions or sentence.

Gleaton filed a pro se Post-Conviction Relief (PCR) Application (2009-CP-38-00005) in Orangeburg County, on January 2, 2009. App. pp. 153-59.2 He alleged the following grounds for relief in his Application:

1. Involuntary Plea. Counsel gave erroneous sentencing advice
2. Ineffective Assistance of Counsel. Attached argument.
3. [The] Sentencing Judge Should Have Disqualified Himself Because of Bias, Prejudice and Conflict of Interest. [The] grounds to support my allegations are contained in the transcript from the sentencing hearing.

App. pp. 153-59. The State filed its Return on November 2, 2010. App. pp. 160-65.

The Honorable Diane S. Goodstein held an evidentiary hearing into the matter on June 7, 2011, at the Orangeburg County Courthouse. Gleaton was present at the hearing and Hemphill Pride II, Esquire, represented him. Assistant Attorney General Mary S. Williams represented the State. Gleaton testified on his own behalf at the hearing. He also presented Cynthia Simpkins (his sister) and Mary Pearl Gleaton (his mother), while the State presented the testimony of plea counsel, Mr. Palmer. App. pp. 166-284.

Judge Goodstein denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on October 7, 2011. The Order addressed Gleaton's claims that (1) plea counsel was ineffective because he allowed Gleaton to enter a plea to dispose of charges in both Orangeburg and Bamberg counties when counsel had only been appointed to represent Applicant on Orangeburg charge; and (2) plea counsel was ineffective and Gleaton's plea was rendered involuntary because

counsel failed to move for the plea judge to recuse himself. App. pp. 286-93.

On October 28, 2011, Gleaton filed a timely motion to alter or amend the judgment, pursuant to Rule 59(e), SCRCP. App. pp. 294-308. In his motion, he asserted that the Order failed to address that he was entitled to relief for the following reasons:

> (1) Plea counsel failed to timely confer and advise Applicant of the material evidence against him;
> (2) Plea counsel failed to timely challenge a deficient photo array from which Applicant was identified;
> (3) Plea counsel failed to timely obtain discovery and other file materials for the Bamberg County felony charges;
> (4) Plea counsel failed to timely investigate, develop and confer with Applicant about exculpatory evidence appearing in the State's file and/or of which Applicant advised Plea Counsel;
> (5) Plea counsel failed to competently advise Applicant about the merits of a guilty plea as opposed to a trial;
> (6) Plea counsel coerced Applicant into pleading guilty;
> (7) Plea counsel failed to inquire into the plea and sentencing Judge's expressed personal relationships with the victims and their families and possible bias;
> (8) Plea counsel failed to develop and present mitigating evidence to the court; and
> (9) Plea counsel failed to correct the Solicitor's errors in reciting Applicant's criminal history to the court at the plea and sentencing hearing.

Gleaton filed an addendum to the Motion on November 9, 2011. App. pp. 309-11. Judge Goodstein issued an Order denying the motion to alter or amend judgment on January 16, 2012. App. p. 312. Gleaton timely served and filed a notice of appeal. Mr. Pride continued to represent him in collateral appellate proceedings. On April 25, 2012, Gleaton filed a Petition for Writ of Certiorari. The Petition for Writ of Certiorari contained three Questions Presented:

> 1. Did the PCR court err in not finding that the trial judge should have recused himself due to bias in favor of the victims and/or their families, or his lack of impartiality toward Petitioner?
> 2. Did the PCR court err in not finding ineffective assistance of

        Plea Counsel?
3.     Did the PCR court err in finding the Petitioner was not coerced into entering a guilty plea?

Petition for Writ of Certiorari, p. 1. The State filed a Return to Petition for Writ of Certiorari on July 25, 2012. The South Carolina Supreme Court filed an Order denying certiorari on December 5, 2013. It sent the Remittitur to the Orangeburg County Clerk of Court on December 23, 2013.

## **GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

**GROUND ONE**:     Involuntary plea.

**GROUND TWO**:     Ineffective Assistance of Counsel

**GROUND THREE**:     Denied Constitutional right to impartial adjudicator (Tribunal) at plea and sentencing.

**GROUND FOUR**:     Ineffective Assistance of [Counsel] (Duty to Consult and Inform Claim).

(Petition).[2]

## **DISCUSSION AS TO STATUTE OF LIMITATIONS**

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The

---

[2] The supporting facts under each issue as set forth in the petition are not restated in this report and recommendation.

5

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on January 15,

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

2008, and was sentenced on January 23, 2008. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice of appeal. Therefore, his conviction became final on February 4, 2008.[4] The one-year limitations period began running on February 5, 2008. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on January 2, 2009. Therefore, three hundred thirty-three (333) days elapsed between the conviction becoming final and the time the PCR was filed. Petitioner appealed the PCR court's ruling dismissing his application and the state supreme court denied the petition on December 5, 2013, and issued the Remittitur to the Orangeburg County Clerk of Court on December 23, 2013. Petitioner filed this habeas petition on March 13, 2014, with a *Houston v. Lack*, 487 U.S. 266 (1988), delivery date of March 7, 2014. However, even using the date of March 7, 2014, the instant petition is time barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition

---

[4] February 2, 2008, was a Saturday.

was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

In his habeas petition, Petitioner asserts that the State's highest court ruled on his case on December 5, 2013, and that he received the remittitur on January 3, 2014. Petitioner asserts that at the time he received the remittitur the institution was on lock-down until January 27, 2014, and that the law library was closed the following two weeks. Petitioner states that he made every effort to pursue this matter and that he filed it 11 months prior to the one-year deadline. It appears that Petitioner is confused about when the limitations period begins to run.[5]

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); *see also Rouse v. Lee*, 314 F.3d 698, 704 (4th Cir.2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 ( Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. *Harris*, 209 F.3d at 330; *see also Marengo v. Conway*, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.2000); *Marengo*, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." *Marengo*, 342 F.Supp.2d at 230 (quoting *Warren*, 219 F.3d at 113); *see also Holland*, 130 S.Ct. at 2562 ["

---

[5] It appears that Petitioner believes that the statute of limitations period begins to run after the conclusion of his PCR proceedings rather than after his trial court proceedings.

8

'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *Lawrence v. Warden of Kirkland Corectional Institution*, 2013 WL 6054486 (D.S.C. Nov. 15, 2013) [Generally,"[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances."] (quoting *Allen v. Johnson*, 602 F.Supp.2d 724, 727–28 (E.D.Va.2009)).

In this case, Petitioner has not demonstrated that some extraordinary circumstances prevented him from timely filing his federal habeas petition. Prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling. *See Edens v. Eagleton*, 2014 WL 692872 (D.S.C. Feb. 21, 2014) quoting *Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C.2004) (citing *Harris*, 209 F.3d at 330–32). Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir.2001) (*quoting Harris*, 209 F.3d at 330); *Atkins v. Harris*, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must

9

take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); *Giraldes v. Ramirez-Palmer*, 1998 WL 775085, *2 (N.D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).[6] As to any argument by Petitioner that he is entitled to equitable tolling because he did not understand the timing of the statute of limitations, this is not an extraordinary circumstance to warrant tolling. Ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004). Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Petitioner allowed almost eleven months or 333 days of his 365 day filing window to elapse before filing his first PCR application.

Additionally, Petitioner asserted in his petition that trial counsel failed to file a direct appeal on his behalf. In the motion for judgment on the pleadings, Petitioner argues that he is entitled to equitable tolling because trial counsel did not file the direct appeal. He asserts that he filed a notice of appeal from the guilty plea on his own. However, a direct appeal was never perfected. Attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for equitable tolling. *See Holland v. Florida*, ––– U.S. ––––, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). The Court in *Holland* remanded the case for further consideration where the record showed more than mere attorney negligence in failing to timely file the habeas petition as a result of the attorney not knowing the statutory filing deadline. *Id*. at 652.

---

[6] *See also Jones v. South Carolina*, C/A No. 4:05–2424–CMC–TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.").

10

In this case, Petitioner complains of the mere negligence of his trial counsel failing to file a direct appeal. This, of course, is much different than habeas counsel failing to file a habeas petition. Petitioner must show diligence and circumstances beyond his control that prevented him from complying with the statutory filing deadline. His trial counsel's failure to file a direct appeal, his being on lock-down when he received the remittitur, and the law library being closed for two weeks following the lock-down does not justify equitable tolling of the statutory deadline.

Based on the above reasons, Petitioner fails to demonstrate a basis for equitable tolling. Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #19) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

IT IS FURTHER RECOMMENDED that all other outstanding motions be deemed moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**