IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Antonio Gleaton,              ) | |
|                                       ) | C/A No. 4:14-890-TMC |
|                   Petitioner,         ) | |
|                                       ) | |
|       v.                              ) | **OPINION & ORDER** |
|                                       ) | |
| Warden Dennis Bush,                   ) | |
|                                       ) | |
|                   Respondent.         ) | |
|                                       ) | |

Petitioner William Antonio Gleaton, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On August 25, 2014, Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation ("Report") recommending that Respondent's Motion for Summary Judgment (ECF No. 19) be granted, the petition be dismissed without an evidentiary hearing, and all remaining outstanding motions be denied as moot. (ECF No. 31).[1] Petitioner timely filed objections to the Report on September 15, 2014. (ECF No. 38).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the

---

[1]The court notes that rather than file a response to Respondent's Summary Judgement Motion, Petitioner filed a Motion for Judgment on the Pleadings in which he addressed the issues raised by Respondent in his Summary Judgment Motion. (ECF No. 23).

Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

## Discussion

Petitioner contends that the magistrate judge erred in determining the periods of time which should be tolled and finding that equitable tolling did not apply. Additionally, Petitioner contends that the magistrate judge did not address his claims that he is actually innocent and there was judicial bias towards him in regard to his guilty plea. The court finds Petitioner's objections to be without merit.

First, the magistrate judge addressed Petitioner's claim that he filed a pro se notice of appeal which entitles him to tolling. (Report at 10). As the magistrate judge noted, Petitioner did not perfect his appeal. *Id.* Moreover, the court notes that in his state PCR proceeding, Petitioner alleged that his trial counsel was ineffective for failing to advise him of his right to appeal and failing to file an appeal.

Second, the magistrate judge correctly determined that Petitioner was not entitled to equitable tolling because Petitioner has not demonstrated that some extraordinary circumstances prevented him from timely filing his federal habeas petition. (Report at 9).

As to the claims Petitioner alleges the magistrate judge did not address, the court notes these claims are the underlying claims Petitioner raises in this habeas action, which the magistrate judge found to be barred by the statute of limitations. The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995).

Moreover, to the extent that Petitioner contends that his Petition is timely because he is actually innocent of the crimes to which he pleaded guilty, the court finds that this argument is without merit. In *McQuiggins v. Perkins*, ___ U.S.___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013),

the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. However, to meet the *McQuiggin's* standard, Petitioner must make a convincing showing of actual innocence. To establish actual innocence, Petitioner must present new evidence showing that " 'it is more likely than not that no reasonable juror would have convicted [Petitioner].' " *McQuiggin*, 133 S.Ct. at 1935 (*quoting Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)).

The actual innocence exception, however, cannot apply without new evidence of innocence. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because the Petitioner could provide "no new evidence at all . . . his assertion of actual innocence fails"). Here, Petitioner has not offered any new evidence to support an actual innocence claim.

## Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 31), and Respondent's Motion for Summary Judgment (ECF No. 19) is **GRANTED.** Accordingly, the Petition is **DISMISSED**, and all remaining motions are **DENIED** as moot.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                            s/Timothy M. Cain
                                            United States District Judge

Anderson, South Carolina
October 30, 2014