IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Antonio Gleaton, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.4:14-890-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Dennis Bush, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court pursuant to a "Motion for Relief from Judgment" (ECF No. 44) filed by Petitioner William Antonio Gleaton requesting reconsideration of the Order of the court filed October 31, 2014 (ECF No. 41), adopting the magistrate judge's Report and Recommendation ("Report"), granting Respondent's Motion for Summary Judgment (ECF No. 19), and dismissing this action.

Although Petitioner did not refer to any rules, Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Rule 60(b) does not provide relief from a final judgment "[w]here the motion is nothing more than a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

In the order dismissing this action, the court found Petitioner's habeas petition untimely. Petitioner contended he was entitled to have the period tolled because he file a pro se notice of appeal. Pursuant to 28 U.S.C. § 2244(d)(1), the one year statutory period for filing a habeas petition is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560 (4th Cir. 1999). The court found that Petitioner's filing of a pro se notice of appeal did not entitle him to a tolling of the one-year statute of limitations because the appeal was never perfected.

In this motion, Petitioner takes issue with the court finding that he failed to perfect his direct appeal. Petitioner contends that the court erred because pursuant to of South Carolina Appellate Court Rule 243 (c), once he filed his appeal, the South Carolina Supreme Court was required to inform him about the appeal procedure, and the court did not. SCACR 243(c) provides:

> (c) Explanation Required. If the lower court has determined that the post-conviction relief action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper. This explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper. If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed.

SCACR 243(c). First, this rule applies to the filing of a petitions for a writ of certiorari to review a post-conviction relief proceeding, and not to a direct appeal. Second, nothing in this rule requires the court to inform pro se litigants about the appeal procedure. Furthermore, a pro se litigant has full responsibility for complying with substantive and procedural requirements of the law. *State v. Burton*, 589 S.E.2d 6, 9 n. 5 (S.C. 2003); *Goodson v. American Bankers Ins. Co of Fla.*, 368 S.E.2d 687, 689 (S.C. Ct.App.1988) ("Lack of familiarity with legal proceedings is

unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney.").

Rule 203 (a), SCACR, applies to direct appeals, and states: "A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules." SCACR 203(a). Rule 203(d)(1)(B) provides that the notice of a direct appeal must be accompanied by the following:

> (B) When and What to File. The notice of appeal shall be filed with the clerk of the lower court and the clerk of the appellate court within ten (10) days after the notice of appeal is served. The notice filed with the appellate court shall be accompanied by the following:
>
> . . .
> (iv) If the appeal is from a guilty plea, . . . , a written explanation showing that there is an issue which can be reviewed on appeal.  This explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s).  If an issue was not raised to and ruled on by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal.  If the appellant fails to make a sufficient showing, the notice of appeal may be dismissed.

Rule 203 (d)(1)(B)(v).  Pursuant to this rule, Petitioner would have been required to file a written explanation identifying the issue or issues on appeal and how the issues were ruled upon below with his notice of appeal.  This the Petitioner did not do, and therefore his appeal was not properly filed and never perfected.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (finding that an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").  Therefore, Petitioner's notice of direct appeal did not toll the statute of limitations.  *See e.g., Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012) (holding that petition was time barred and not tolled where "appeal was refused because it was not perfected in the manner provided by law and, therefore, was not properly filed").

Accordingly, based on the foregoing, Petitioner's Motion for Relief from Judgment (ECF No. 44) is **DENIED**.

    **IT IS SO ORDERED.**

                                                s/Timothy M. Cain  
                                                United States District Judge

Anderson, South Carolina  
June 2, 2015